[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10535
Non-Argument Calendar

_____

BIA Nos. A95-225-222 & A95-225-223

TOMAS LEONCIO BERROCAL-CALIXTRO,
ISABEL PINEDO,
JHON ABEL BARTRA,
KARLA MARGARITA BERROCAL,
DIEGO ALBERTO BERROCAL,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(August 15, 2005)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Thomas Leoncio Berrocal-Calixtro (Berrocal), a Peruvian national, appeals an order of the Board of Immigration Appeals that affirmed the denial of his application for asylum. Because that decision is supported by substantial evidence, we deny the petition for review of Berrocal, his wife, and children.

Berrocal argues that he was entitled to asylum in the United States because he endured past persecution and was likely to face future persecution if removed to Peru. The testimony and other evidence in Berrocal's administrative hearing showed that his argument regarding persecution was based on one robbery during which Berrocal was kidnaped and beaten, and a separate series of threatening phone calls. We review each of those incidents in turn.

The robbery occurred on April 21, 1997, when Berrocal and another man were confronted by at least four men, one of whom was dressed in the uniform of a police officer. The robbers forced Berrocal to pull the company truck he was driving off the road, and then the robbers forced Berrocal and the other man into the back of the vehicle. The robbers drove Berrocal to an isolated beach, and then beat Berrocal and the other man before throwing them off a cliff. The robbers stole the company truck, the washer and dryer in the back of the truck, Berrocal's wallet, and his gun. The assailants said that the incident was "a signal so that [Berrocal] could change his attitude." The police report about this incident did not mention any political threat.

The series of harassing phone calls to Berrocal began in 1996. Berrocal was working then for the government of Peruvian President Alberto Fujimori. Berrocal, who had been a member of the Change 90 political party for a year, performed some administrative duties for the party and traveled into rural Peru to deliver propaganda that supported Fujimori and advise rural businesses. Berrocal was not a leader of the political party. The harassing callers identified themselves as "Politics Against Corruption," and they said they would cause Berrocal "a lot of damage" if he did not quit working for Change 90. The calls then stopped for about three years.

In December 1999, someone called Berrocal at his home, and the caller identified himself as someone who fought against corruption. Berrocal's teenage son, Jhon, answered the call, and the caller threatened Jhon. This threat coincided with the beginning of Fujimori's reelection campaign on which Berrocal worked from January to July 2000.

Berrocal's opponents began to call him after September 2000, when he stopped working for Fujimori. The caller asked Berrocal to work with them against the Fujimori government, which was in decline because of accusations of fraud against the president. He kept getting these types of calls, and Berrocal temporarily moved his family to the home of a relative in Peru until he could make permanent arrangements.

3

Berrocal visited the United States as early as 1998, in the interregnum between the first set of calls and the robbery incident and when the harassing phone calls started again. In October 2000, Berrocal again visited the United States and stayed five or six days before he returned to Peru and resumed his ordinary life. Berrocal returned with his family in January 2001, but again Berrocal stayed only a short time. He returned in February 2001, for the final time. At no time before this final entry into the United States did Berrocal seek asylum.

Although the IJ found Berrocal was a credible witness, he denied Berrocal's petition for asylum. Berrocal appealed, and the BIA adopted the decision of the IJ. The BIA added an additional ground for denying Berrocal's appeal: Berrocal failed to show that the new government in Peru would be unwilling or unable to protect Berrocal if he was returned to Peru.

When the BIA adopts the decision of the IJ, we review the decision of the IJ. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review legal issues de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). "[F]indings of fact made by . . . the [IJ] may be reversed by this [C]ourt only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 2245 (2005). "[W]e view the record evidence in the light most

4

favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Id.

An illegal immigrant may apply for asylum, and the Attorney General may grant that application, if the applicant is a "refugee." See 8 U.S.C. § 1158(a)(1), (b)(1). The applicant must be unwilling or unable to return to a country "because of [past] persecution or a well-founded fear of persecution on account of . . . membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see also Al Najjar, 257 F.3d at 1284. The IJ must be presented with "detailed facts" that support an applicant's fear that he will be "singled out" because of those protected statutory factors. Al Najjar, 257 F.3d at 1287; see also INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S. Ct. 812, 816 (1992).

An alien who has not established past persecution may still be entitled to asylum if he can demonstrate a future threat to his life or freedom in his country because of a protected ground. 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2). To establish a well-founded fear, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. "Not all exceptional treatment is persecution," and harassment is not persecution. Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000) (citing Mikhailevitch v. INS, 146 F.3d 384, 390 (6th Cir. 1998); Bradvica v. INS, 128 F.3d 1009, 1012 (7th Cir. 1997)). "[P]ersecution is an extreme concept, requiring

5

more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005), superseding 378 F.3d 1260 (11th Cir. 2004) (internal quotations and citations omitted). Substantial evidence supports the decision of the IJ that Berrocal was not entitled to asylum.

Berrocal cannot establish past persecution on account of his work for Change 90. Berrocal's testimony that the beating and robbery was "a signal so that [he] could change his attitude" regarding his political beliefs was insufficient to support his application. The assailants did not identify themselves as anti-government partisans, and the incident had many hallmarks of a garden-variety robbery, rather than an act of political intimidation. The police report about the incident does not portray it as a political attack. This evidence does not compel a finding that Berrocal was "singled out" because he worked for Change 90. Al Najjar, 257 F.3d at 1287.

That Berrocal received sporadic harassing phone calls also does not establish past persecution. As the Tenth Circuit has stated, "only rarely, when [threats] are so immediate and menacing as to cause significant suffering or harm in themselves" can those threats qualify as persecution. Vatulev v. Ashcroft, 354 F.3d 1207, 1210 (10th Cir. 2003). This record does not compel a finding of past persecution.

6

Berrocal's travel to and from the United States and his failure to request assistance from the authorities here substantially undermines his argument. Berrocal also did not request assistance from officials in Peru regarding the harassing phone calls. Viewing the evidence in the light most favorable to the decision of the agency, Berrocal failed to establish that he either suffered past persecution because of his political beliefs or that he has a well-founded fear of future persecution. His petition, therefore, is

**DENIED.**